IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KEITH BLOCK**                                                                                           **PLAINTIFF**
**ADC #168669**

**V.**                                       **NO. 2:22-cv-00184-JM-ERE**

**KERSTINE,** *et al.*                                                                        **DEFENDANTS**

**ORDER**

Plaintiff Keith Block has filed two motions in this civil rights lawsuit brought under 42 U.S.C. § 1983: (1) a motion for court-appointed counsel (*Doc. 9)*; and (2) a motion for continuance (*Doc. 11*). In addition, Mr. Block has now filed an amended complaint clarifying his constitutional claims. *Doc. 12*.

**1.**     **Motion for Appointed Counsel**

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal

complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. After considering all relevant factors, and in particular, the factual and legal complexity of this case, the Court declines to appoint counsel at this time.

### 2. Motion for Continuance

In his motion for continuance, Mr. Block requests additional time to file his amended complaint. *Doc. 11*. However, on the same day, Mr. Block filed an amended complaint. Accordingly, this motion is now moot.

### 3. Screening of Amended Complaint

In his original complaint, Mr. Block alleged that Dr. Kerstine was deliberately indifferent to his serious medical needs. He complained that he suffered a thumb injury, Dr. Kerstine ignored his requests for treatment, and as a result, he must now undergo surgery to reset his thumb. While the Court previously determined that Mr. Block stated a medical deliberate indifference claim against Defendant Kerstine, he also named APN (Advanced Practice Nurse) Tracy Bennett, Health Care Administrator Emma Hatchett, and Deputy Director A. Culclager as Defendants. However, in describing his constitutional claims, Mr. Block did not reference Defendants Hatchett or Culclager. And, with regard to Defendant Bennett, he only

2

alleged that she: (1) placed him on the provider list to receive an x-ray examination; and (2) attempted to reset his thumb. Accordingly, as his pleading stood, Mr. Block did not state plausible claims against Defendants Bennett, Hatchett, or Culclager. Accordingly, on December 6, 2022, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[1] to give Mr. Block 30 days to file an amended complaint clarifying his claims. *Doc. 7*.

Mr. Block did not timely file an amended complaint. Accordingly, on January 11, 2023, the undersigned recommended that Mr. Block's claims against Defendants Bennett, Hatchett, and Culclager be dismissed. *Doc. 8*. However, on January 19, 2023. Mr. Block filed an amended complaint clarifying his constitutional claims against Defendants Bennett, Hatchett, and Cuclager, and adding a medical deliberate indifference claim against A. Douglas. *Doc. 12*.

Based on the allegations contained in his recently filed amended complaint, Mr. Block has stated medical deliberate-indifference claims against Defendants Bennett, Hatchett, Culclager, and Douglas.[2]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] In his amended complaint, Mr. Block also conclusively states that Defendant Culclager retaliated against him for his use of the grievance procedure. *Doc. 12 at 10*. To state a retaliation

IT IS THEREFORE ORDERED THAT:

1. Mr. Block's motion for appointment of counsel (*Doc. 9*) is DENIED, without prejudice.[3]

2. Mr. Block's motion for continuance (*Doc. 11*) is DENIED, as moot.

3. The undersigned withdraws the previously issued Partial Recommended Disposition. (*Doc. 8*)

4. The Clerk is instructed to prepare a summons for Defendant A. Culclager.

5. The United States Marshal is directed to serve Defendant Culclager with a summons and a copy of the complaint and the amended complaint (with any attachments) (*Docs. 2, 12*), without requiring prepayment of fees and costs or security. Service for Defendant Culclager should be attempted through the ADC Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612.

6. The Court will address service of Defendants Tracy Bennett, Emma Hatchett, and A. Douglas by separate Order.

---

claim against Culclager, Mr. Block must allege that: (1) he engaged in constitutionally protected activity; (2) Defendant Culclager took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). In his amended complaint, Mr. Block fails to provide any allegations to state a plausible retaliation claim against Defendant Culclager.

[3] If this case is scheduled for trial, the Court will consider, on its own, whether counsel should be appointed to assist Mr. Block at trial.

Dated this 20th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE